IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LINCOLN

| | |
|---|---|
| HEIDE LAMBERT,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY OF WALDPORT, a municipal corporation of the State of Oregon, DANN CUTTER, GREG DUNN, SUSAN WOODRUFF, JAYME MORRIS, RICK BOOTH, MICHELLE SEVERSON, and JERRY TOWNSEND,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Fee pursuant to ORS 21.160(1)(c)<br><br>JURY TRIAL DEMANDED<br><br>Not subject to mandatory arbitration<br><br>Prayer: $250,000 |

**OVERVIEW OF CASE**

1.

This case arises out of an attempted small-town political coup. Through the reckless actions of the individual defendants—who were either employed by the City of Waldport or served as elected officials there—the Waldport city council summarily expelled Plaintiff Heide Lambert from her elected position as Mayor. That process, decision, and defendants' actions afterwards were unauthorized by law, were substantively and procedurally improper under the state and federal constitutions, and negligently caused Ms. Lambert severe emotional distress, humiliation, harm to her reputation, and other damages.

/ / / / /

PAGE 1 OF 9 - COMPLAINT

**Jesse A. Buss**, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 1 of 9

**PARTIES**

2.

In November 2024 the people of Waldport elected Ms. Lambert as their Mayor. She was seated in January 2025.

3.

The City of Waldport is a municipality in Lincoln County, Oregon. The Waldport city council, composed of a Mayor and six councilors, governs the city.

4.

At all material times, Defendant Dann Cutter was the city manager for Waldport. Mr. Cutter is sued in his individual capacity.

5.

At all material times, Defendants Greg Dunn, Susan Woodruff, Jayme Morris, Rick Booth, Michelle Severson, and Jerry Townsend were elected city councilors for Waldport. These defendants are sued in their individual capacity.

**FACTS**

6.

On April 3, 2025, the city council held a meeting. Mayor Lambert and all seven individual defendants were present. The written agenda for that meeting included the following vague agenda item: "Consideration of action based on letters of complaint of Mayor."

7.

At the meeting, and under that agenda item, the defendants engaged in a wide-ranging 45-minute long discussion about Mayor Lambert. Nominally about the circumstances

PAGE 2 OF 9 - COMPLAINT

**Jesse A. Buss**, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 2 of 9

surrounding two letters of complaint filed by city staff, the discussion veered from various local political disagreements to unrelated litigation involving the nearby town of Yachats.

8.

Approximately 40 minutes into the discussion, Defendant Cutter strongly suggested that Mayor Lambert had—it's not clear how—violated the city charter, and advised Mayor Lambert that she could either resign or, instead, be forcibly removed from office by the council.

9.

Caught off guard and unprepared, Mayor Lambert turned to the city attorney for advice and direction, asking what her options were and if she needed to respond right then and there. The city attorney responded that "You should be asking this of your personal counsel[.]"

10.

But Mayor Lambert was *not* then provided with an opportunity to consult personal counsel. Instead, cooler heads did not prevail, and the council plowed ahead with a discussion about removing her from office. Five minutes later, and even though no motion had been made, a councilor called for a vote: "All those in favor of removing the Mayor from her position, can you say 'aye'?'" To which another councilor responded: "Can I add to that, though? 'Cause I would say 'based on the city charter,' 'for violation of the city charter.' […] 'Based on the city charter, do we think that she violated it?'"

11.

The council ultimately settled on the following "motion": "Do I have a motion to remove the Mayor from her position?" "So moved." "Based on the violation of the charter?" "[inaudible] of the city charter."

/ / / / /

PAGE 3 OF 9 - COMPLAINT

**Jesse A. Buss**, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 3 of 9

12.

An oral vote was taken, and the motion—whatever it was—passed.[1]

13.

The following week, on April 10th, the city council held its regular public meeting. With the understanding that the prior week's expulsion vote had been invalid or otherwise ineffective, Mayor Lambert attended the meeting with the intention of participating as an elected official. When she entered city hall, however, she was served with a document titled "Exclusionary Notice" signed by Defendant Cutter.

14.

The notice said that "effective immediately, you are hereby excluded from City Hall in any role other than as a general citizen. This decision has been made due to a council motion removing you from the elected office of Mayor." "Failure to comply," the notice said, "may result in further legal action, including but not limited to trespassing charges."

15.

 Moments later, when Mayor Lambert sat down near council table, Defendant Cutter gave a nod to the county sheriff who was in attendance. The sheriff approached Mayor Lambert at council table. After several minutes of discussion, the sheriff escorted Mayor Lambert out of the building and cited her for criminal disorderly conduct in the second degree (ORS 166.025).[2] After being released by the sheriff, Mayor Lambert returned to the meeting, though she was required to sit in the audience.

---

[1]     No charging instrument was ever filed, and the city did not enter an order reflecting its decision. Accordingly, there are no written findings of fact or conclusions of law supporting to city council's decision.

[2]     The Lincoln County district attorney declined to file charges.

PAGE 4 OF 9 - COMPLAINT

**Jesse A. Buss**, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 4 of 9

16.

After the oral expulsion vote on April 3, 2025, the defendants refused to recognize Mayor Lambert as an elected official. For example, she was barred from her city email account, excluded from receiving official city-related information, prevented from participating in council deliberations and votes, and otherwise treated as if she has been effectively removed from office. Moreover, defendants publicly announced—orally and in published writings—that the mayoral seat was now vacant.

17.

On May 7, 2025, Mayor Lambert challenged her unlawful expulsion via a writ of review in this Court. Rather than defend the challenge, defendants withdrew their expulsion decision, though they claimed they were only doing so to save money. Defendants have never taken responsibility for what they did to Mayor Lambert, have never acknowledged the harm they negligently caused, and have never apologized. Instead, they continue to defend their expulsion decision and related actions as virtuous and correct.

## CLAIMS FOR RELIEF

### First Claim for Relief

18.

Mayor Lambert realleges all prior paragraphs.

19.

Defendants expelled Mayor Lambert from office because of the content of her protected speech. In other words, the expulsion was retaliatory.

PAGE 5 OF 9 - COMPLAINT

Jesse A. Buss, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 5 of 9

20.

In so doing, defendants violated Article I, section 8 of the Oregon Constitution, which says that "[n]o law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever."

21.

Mayor Lambert is entitled to an award of monetary damages compensating her for her severe emotional distress, humiliation, harm to her reputation, and other damages.

22.

Mayor Lambert is entitled to an award of attorney fees under the public benefit doctrine.

**Second Claim for Relief**

23.

Mayor Lambert realleges all prior paragraphs.

24.

The process defendants used to expel Mayor Lambert from office violated Article I, section 10 of the Oregon Constitution. *Id.* ("No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation.")

25.

Mayor Lambert is entitled to an award of attorney fees under the public benefit doctrine.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

PAGE 6 OF 9 - COMPLAINT

**Jesse A. Buss**, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 6 of 9

**Third Claim for Relief**

26.

Mayor Lambert realleges all prior paragraphs.

27.

Defendants expelled Mayor Lambert from office because of the content of her protected speech. In other words, the expulsion was retaliatory.

28.

In so doing, defendants violated the First Amendment to the U.S. Constitution, which prohibits any law "abridging the freedom of speech" and governmental retaliation based on the content of protected speech.

29.

Mayor Lambert is entitled to an award of monetary damages compensating her for her severe emotional distress, humiliation, harm to her reputation, and other damages under 42 U.S.C. § 1983.

30.

Mayor Lambert is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §§ 1983 and 1988.

**Fourth Claim for Relief**

31.

Mayor Lambert realleges all prior paragraphs.

32.

Mayor Lambert has a protected liberty interest in her elected position as Mayor of Waldport. The local process used to attempt to deprive her of that interest was *procedurally*

PAGE 7 OF 9 - COMPLAINT

**Jesse A. Buss**, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 7 of 9

insufficient under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

33.

Expelling Mayor Lambert was *substantively* improper under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

34.

Mayor Lambert is entitled to an award of monetary damages compensating her for the deprivation of her protected rights, and for her severe emotional distress, humiliation, harm to her reputation, and other damages under 42 U.S.C. § 1983.

35.

Mayor Lambert is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §§ 1983 and 1988.

**Fifth Claim for Relief**

36.

Mayor Lambert realleges all prior paragraphs.

37.

Upon information and belief, in private, and outside of and after the formal expulsion proceeding concluded, defendants recklessly and privately published false, defamatory, slanderous, and/or libelous statements about Mayor Lambert to various individuals, causing her severe emotional distress, humiliation, harm to her reputation, and other damages for which she is due monetary compensation.

/ / / / /

/ / / / /

PAGE 8 OF 9 - COMPLAINT

**Jesse A. Buss**, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 8 of 9

## PRAYER FOR RELIEF

WHEREFORE, Mayor Lambert respectfully requests that this Court issue a judgment against defendants as follows:

A.    Awarding Plaintiff damages in an amount to be determined by a jury but not to exceed $250,000;

B.    Awarding Plaintiff her reasonable attorney fees and costs and disbursements; and

C.    Granting such further relief as this Court deems just and proper.

Dated this 3rd day of April 2026.

 /s/ Jesse A. Buss
Jesse A. Buss, OSB # 122919
WILLAMETTE LAW GROUP, PC
411 Fifth St.
Oregon City OR 97045
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

*Attorney for Plaintiff*

PAGE 9 OF 9 - COMPLAINT

Jesse A. Buss, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 5th St., Oregon City OR 97045
503-656-4884, jesse@WLGpnw.com

Exhibit 1
Page 9 of 9