**Robert E. Franz, Jr.** OSB #730915
E-Mail: rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson** OSB #153474
E-Mail: shenderson@franzlaw.comcastbiz.net
FRANZ & HENDERSON
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220
Attorneys for Defendants Greg Dunn, Susan Woodruff, Jayme Morris, Rick Booth, Michelle Severson, and Jerry Townsend

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

HEIDE LAMBERT,

Plaintiff,

vs.

CITY OF WALDPORT, a municipal corporation of the State of Oregon, DANN CUTTER, GREG DUNN, SUSAN WOODRUFF, JAYME MORRIS, RICK BOOTH, MICHELLE SEVERSON, AND JERRY TOWNSEND,

Defendants.

Civil Case No. 6:26-cv-01302-AP

**Answer to Plaintiff's Complaint** by Defendants Dunn, Woodruff, Morris, Booth, Severson, and Townsend

**Demand for Jury Trial**

Request for Attorney Fees

COME NOW Defendants Greg Dunn, Susan Woodruff, Jayme Morris, Rick Booth, Michelle Severson, and Jerry Townsend, by and through their attorneys, the Law Office of FRANZ & HENDERSON, and for Answer to Plaintiff's Complaint on file herein, hereby allege as follows:

1.

These Answering Defendants admit that the City of Waldport is an Oregon municipal corporation; that the Waldport City Council consists of a Mayor and six City Councilors; that Defendants Greg Dunn, Susan Woodruff, Jayme Morris, Rick Booth, Michelle Severson, and Jerry Townsend served as council members during all relevant times in this matter and were acting within the scope and course of their official duties; that a Waldport City Council meeting occurred on or about April 3, 2025, and that the meeting agenda, record, and minutes of such meeting speak for themselves.

2.

While the information to properly admit or deny the relevant and material factual allegations set forth in the Plaintiff's Complaint may be available to the Answering Defendants after full discovery, including depositions, Defendants cannot truthfully respond to such allegations without full discovery. Therefore, at this time, Defendants deny each and every allegation of Plaintiff's Complaint except as admitted in Paragraph 1 of this Answer for the reasons that Plaintiff has failed to comply with FRCP 8 in the pleading of its Complaint; and/or for the reasons that the allegations are an improper pleading of evidence; and/or that the allegations are not true; and/or that the allegations are improper opinions and conclusions of law; and/or for the reason that as of this date, the Answering Defendants do not have sufficient information to form a belief as to the truth or falsity of the allegations; and therefore, must deny them at this time.

• • • • • • • • • • •

FOR THEIR FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

3.

Plaintiff's Complaint fails to state sufficient facts upon which relief can be granted and fails to state sufficient facts to constitute any claim against these Answering Defendants.

• • • • • • • • • • • •

FOR THEIR SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

4.

The Council Defendants are entitled to absolute legislative immunity for all claims arising from legislative deliberations, discussion, debate, voting, agenda matters, and other legislative functions performed as elected council members.

• • • • • • • • • • • •

FOR THEIR THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

5.

This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint pursuant to the *Younger* abstention doctrine.

• • • • • • • • • • • • •

FOR THEIR FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

6.

This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint pursuant to the *Rooker-Feldman* jurisdictional doctrine.

• • • • • • • • • • • • •

FOR THEIR FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

7.

Plaintiff's claims against these Answering Defendants are brought with the primary purpose of silencing the Defendants, to retaliate against their differing views, and/or to undermine their reputation. Plaintiff's claims should be dismissed due to this improper purpose and abuse of the judicial system.

• • • • • • • • • • • •

FOR THEIR SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

8.

To the extent Plaintiff suffered any damages at all, Plaintiff failed to take reasonable steps to mitigate her damages, and/or unreasonably enhanced her damages.

• • • • • • • • • • • •

FOR THEIR SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

9.

At all material times, the conduct of these Answering Defendants did not violate clearly established statutory or constitutional rights which a reasonable person would have known; and their conduct was objectively reasonable as measured by reference to clearly established law; therefore, these Answering Defendants are entitled to immunity pursuant to the doctrine of qualified immunity.

• • • • • • • • • • • •

FOR THEIR EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

10.

Plaintiff's claims are barred by the doctrines of *res judicata*, claim preclusion, issue preclusion, and/or collateral estoppel.

• • • • • • • • • • • •

FOR THEIR NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

11.

Plaintiff's state claims are based upon the performance of or the failure to exercise or perform a discretionary function or duty; therefore, Defendants are immune from liability.

• • • • • • • • • • • •

FOR THEIR TENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

12.

The Council Defendants acted in good-faith reliance upon legal advice provided to the City and City Council, and such reliance defeats or limits liability.

• • • • • • • • • • • •

FOR THEIR ELEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

13.

Plaintiff's claims fail because writ of review is the sole and exclusive remedy for obtaining review of actions alleged to have been taken by the City of Waldport City Council where it was acting in a judicial or quasi-judicial capacity

• • • • • • • • • • • •

FOR THEIR TWELFTH FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

14.

Plaintiff lacks standing to bring some or all of her claims.

• • • • • • • • • • • •

FOR THEIR THIRTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

15.

The Oregon Tort Claims Act and the statutory laws of the State of Oregon provide Plaintiff with proper due process of law and an adequate remedy for her claims; therefore, Plaintiff has not been denied due process of law and cannot maintain an action based upon 42 U.S.C. § 1983.

• • • • • • • • • • • •

FOR THEIR FOURTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

16.

Plaintiff's claims should be reduced or barred because, to the extent she suffered damages at all, those damages were the result of her own conduct.

• • • • • • • • • • • •

FOR THEIR FIFTHTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

17.

The Council Defendants did not take action against Plaintiff because of protected speech and therefore committed no retaliation prohibited by the First Amendment.

• • • • • • • • • • • •

FOR THEIR SIXTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

18.

Plaintiff's First Amendment claim fails to the extent the speech involved was governmental speech not subject to First Amendment scrutiny.

• • • • • • • • • • • •

FOR THEIR SEVENTEETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

19.

At all material times, each of the Answering Defendants had a right pursuant to the First Amendment of the United States Constitution to express their own views and opinions and cannot be held liable to the Plaintiff for doing so.

• • • • • • • • • • • •

FOR THEIR EIGHTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

20.

Plaintiff lacked a constitutionally protected liberty or property interest as alleged and therefore cannot establish a due-process violation.

• • • • • • • • • • • •

FOR THEIR NINTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

21.

Any process constitutionally required under the circumstances was provided.

• • • • • • • • • • • •

FOR THEIR TWENTIETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

22.

/ /

/

To the extent Plaintiff seeks to impose liability based upon municipal policy or custom, such theories do not support personal liability against the Council Defendants.

• • • • • • • • • • • •

FOR THEIR TWENTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

23.

The Complaint fails to allege sufficient personal participation by one or more Council Defendants in the alleged constitutional violations.

• • • • • • • • • • • •

FOR THEIR TWENTY-SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

24.

Plaintiff's alleged injuries were caused by the acts or decisions of persons or entities other than these Answering Council Defendants.

• • • • • • • • • • • •

FOR THEIR TWENTY-THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

25.

Any statements attributable to the Council Defendants were true, substantially true, conditionally privileged, absolutely privileged, nonactionable opinion, not capable of a defamatory meaning, or otherwise protected by law.

• • • • • • • • • • • •

FOR THEIR TWENTY-FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

/ /

/

26.

Plaintiff's alleged emotional distress, reputational harm, and other claimed damages are speculative, unsupported, or unrecoverable.

• • • • • • • • • • • •

FOR THEIR TWENTY-FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

27.

Plaintiff's claims arise out of an act done or omitted under apparent authority of a law, resolution, charter provision, rule or regulation in good faith and without malice; therefore, Answering Defendants cannot be held liable in this matter pursuant to ORS 30.265(6)(f).

• • • • • • • • • • • •

FOR THEIR TWENTY-SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

28.

There is no private right of a cause of action for damages for any violation of the Oregon Constitution, including the claims set forth in the Plaintiff's First and Second claims for relief; therefore, Plaintiff's first and second claims for relief must be dismissed with prejudice. *Hunter v. City of Eugene*, 309 Or. 298, 304, 787 P.2d 881, 884 (1990); *Corbin v. Palmeri,* 3:25-CV-01012-YY, 2026 WL 1265429, at *4 (D. Or. May 8, 2026).

• • • • • • • • • • • •

FOR THEIR TWENTY-SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

29.

Plaintiff's claims, or some thereof, are barred by the statute of limitations, or other statutes, rules, or laws which limit the time in which Plaintiff had to give tort

claim notice, file a complaint or lawsuit, file a petition for writ of review, or contest or present the issues raised in the Complaint on file herein.

• • • • • • • • • • • •

FOR THEIR TWENTY-EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

30.

The Council Defendants are entitled to quasi-judicial and/or prosecutorial immunity for their actions.

• • • • • • • • • • • •

FOR THEIR TWENTY-NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

31.

The Plaintiff elected to pursue her claims in a writ of review proceeding that offered her full relief and restitution, said proceeding now at an end; therefore, all of Plaintiff's claims set forth in her Complaint on file herein are now barred by such election of remedies.

• • • • • • • • • • • •

FOR THEIR THIRTIETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

32.

Plaintiff's exclusive and sole remedy for all claims covered by the Oregon Tort Claims Act is limited to an action against the City of Waldport; therefore, each of the Answering Defendants are entitled to be dismissed from this lawsuit.

• • • • • • • • • • • •

FOR THEIR THIRTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

33.

At the time of the alleged statements Plaintiff now complains of in her Complaint, Plaintiff was a public official or public figure. therefore, Defendants are not liable for any such statements.

• • • • • • • • • • • •

FOR THEIR THIRTY-SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

34.

All or a portion of the damages suffered by Plaintiff resulted from her own publication of the statements she now complains of in her Complaint or resulted from publication of said statements made with her consent; therefore, Plaintiff cannot recover damages from Defendants to the extent that such damages resulted from any publication made by her or with her expressed or implied consent.

• • • • • • • • • • • •

FOR THEIR THIRTY-THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

35.

The Council Defendants reserve the right to amend this Answer and assert additional defenses that may be revealed as discovery proceeds.

• • • • • • • • • • • •

NOTICE OF REQUEST FOR ATTORNEY FEES

Any attorney practicing law in this Court knows that there is no objective reasonable basis for contending that the Oregon Constitution provides for a private right for a cause of action for damages and such a contention is frivolous, unreasonable and without foundation as a matter of law. Therefore, these Answering Defendants are entitled to their attorney fees for obtaining a dismissal of Plaintiff's First and Second Claims for Relief.

• • • • • • • • • • • •

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants Greg Dunn, Susan Woodruff, Jayme Morris, Rick Booth, Michelle Severson, and Jerry Townsend pray that Plaintiff's Complaint be dismissed with prejudice; and that Defendants Greg Dunn, Susan Woodruff, Jayme Morris, Rick Booth, Michelle Severson, and Jerry Townsend have judgment in their favor, and against Plaintiff for their costs and disbursements incurred herein, together with reasonable attorney fees to be fixed by the Court pursuant to 42 U.S.C. § 1988 and FRCP 11.

DATED: Friday, October 2, 2026.

Respectfully submitted,

By: /s/ Sarah R. Henderson
FRANZ & HENDERSON
**Sarah R. Henderson** OSB #153474
E-Mail: shenderson@franzlaw.comcastbiz.net
(541) 741-8220
**Of Attorneys for Defendants Greg Dunn, Susan Woodruff, Jayme Morris, Rick Booth, Michelle Severson, and Jerry Townsend**

**Jury Trial Demand**

These Answering Defendants hereby demand trial by jury.

/s/ Sarah R. Henderson
Sarah R. Henderson OSB #153474
Of Attorneys for Defendants Greg Dunn, Susan Woodruff, Jayme Morris, Rick Booth, Michelle Severson, and Jerry Townsend