Jesse A. Buss, OSB No. 122919
WILLAMETTE LAW GROUP, PC
411 Fifth Street
Oregon City OR 97045-2224
503-656-4884
jesse@WLGpnw.com

Thomas M. Christ, OSB No. 834064
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland OR 97205
503-227-1111
tchrist@sussmanshank.com

*Attorneys for Plaintiff Heide Lambert*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HEIDE LAMBERT,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WALDPORT, a municipal corporation of the State of Oregon,<br><br>Defendant. | Case No. 6:26-cv-01302-AP<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## OVERVIEW OF CASE

1. Elected by the people, Plaintiff Heide Lambert serves as the Mayor of Waldport, Oregon. However, early in Mayor Lambert's term, the Waldport city council summarily expelled her from office because—the City found—she had violated a city charter provision

when she spoke with City employees about citizen complaints filed against the city manager. After Mayor Lambert challenged her removal in court, she was reinstated several months later.

2. Mayor Lambert brings this case to challenge the applicable city charter provision—section 21(g)[1]—under Article I, section 8, and Article VII (Amended), section 6, of the Oregon Constitution, and the First and Fourteenth Amendments to the U.S. Constitution. She also seeks damages against the city for her unlawful expulsion and exclusion from office.

## PARTIES

3. In November 2024 the people of Waldport elected Ms. Lambert as their Mayor. She was seated in January 2025.

4. The City of Waldport is a municipality in Lincoln County, Oregon. The Waldport city council, composed of a Mayor and six councilors, governs the city.

## FACTS

5. On April 3, 2025, the city council held a meeting at which it decided to expel Mayor Lambert from office.[2]

6. The expulsion decision was based on section 21(g) of the Waldport City Charter, which reads in full as follows:

/ / / / /

/ / / / /

[1] Because it limited speech, Judge Aiken declared a materially identical charter provision to be unconstitutional in *Ellis v. City of Corvallis,* 6:24-cv-00205-AA (D. Or.).

[2] The city's process was insufficient, confusing, and lacking in minimal procedural notice and safeguards. Moreover, no charging instrument was ever filed, and the city did not adopt any written findings of fact or conclusions of law. Simply put, it was a sham process.

**Section 21(g) - Interference in administration and elections**

> No member of the Council shall directly or indirectly, by suggestion or otherwise, attempt to coerce the Manager in the making of any appointment or removal of any employee; or to influence an award of contract contrary to City Code; or, except through the Manager, attempt to direct any City officer or employee under the Manager's supervision in the performance of his or her duties; or attempt to exact any promise relative to any appointment to be made by the Manager from any candidate for Manager. Nothing in this Section shall be construed, however, as prohibiting the Council, or Council members, from fully and freely discussing with or suggesting to the Manager anything pertaining to City affairs or the interests of the City. A violation of this subsection may occasion the censure or removal from office of the offending member of the Council, by the Council or a court of competent jurisdiction. Neither the Manager nor any person in the employ of the City shall take part in securing, or contribute any money toward, the nomination or election of any candidate for a municipal office.

7. The following week, on April 10th, the city council held its regular public meeting. With the understanding that the prior week's expulsion decision had been invalid or otherwise ineffective, Mayor Lambert attended the meeting with the intention of participating as an elected official. When she entered city hall, however, she was served with a document titled "Exclusionary Notice" signed by city manager Dann Cutter.

8. The notice said that "effective immediately, you are hereby excluded from City Hall in any role other than as a general citizen. This decision has been made due to a council motion removing you from the elected office of Mayor." "Failure to comply," the notice said, "may result in further legal action, including but not limited to trespassing charges."

9. Moments later, when Mayor Lambert sat down near the council table, Mr. Cutter gave a nod to the county sheriff who was in attendance. The sheriff approached Mayor Lambert and, after a brief discussion, escorted her out of the building to be cited for criminal disorderly

conduct in the second degree (ORS 166.025).[3] After the sheriff released her from detention, Mayor Lambert returned to the meeting, where the city required her to sit in the audience.

10. After the expulsion decision on April 3, 2025, the city refused to recognize Mayor Lambert as an elected official. For example, she was barred from her city email account, excluded from receiving official city-related information, prevented from participating in council deliberations and votes, and otherwise treated as if she had been effectively removed from office. The city also declared the mayoral seat vacant.

11. On May 7, 2025, Mayor Lambert challenged her unlawful expulsion via a writ of review in Lincoln County Circuit Court. Rather than defend the challenge, the city withdrew its expulsion decision. However, the city has never expressly acknowledged that its expulsion decision was erroneous or invalid.

12. Due to the city's past use of section 21(g) of the city charter to attempt to expel her from office, Mayor Lambert has curtailed her speech—as would a person of ordinary firmness—out of fear of similar future retaliation by the city. Still, Mayor Lambert intends to engage in speech or communications that she reasonably believes the City could again characterize as violating section 21(g).

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Article I, section 8, of the Oregon Constitution)
### (O.R.S. § 28.010 *et seq.*)

13. Mayor Lambert re-alleges all prior paragraphs.

---

[3] The Lincoln County district attorney declined to file charges.

14. The city expelled Mayor Lambert from office because of the content of her protected speech. In other words, the expulsion was retaliatory.

15. In so doing, the city violated Article I, section 8, of the Oregon Constitution, which says that “[n]o law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever.”

16. Section 21(g) is both facially void and void as applied under Article I, section 8, of the Oregon Constitution because it constitutes a content-based restraint on speech, or it is unconstitutionally overbroad. Either way, Mayor Lambert is entitled to appropriate declaratory and injunctive relief preventing the city’s use of section 21(g) in the future.

17. Upon prevailing, Mayor Lambert is entitled to an award of attorney fees under the public benefit doctrine.

**Second Claim for Relief**
**(Article VII (Amended), section 6, of the Oregon Constitution)**
**(O.R.S. § 28.010 *et seq.*)**

18. Mayor Lambert re-alleges all prior paragraphs.

19. Article VII (Amended), section 6, of the Oregon Constitution provides as follows:

> **Incompetency or malfeasance of public officer.** Public officers shall not be impeached; but incompetency, corruption, malfeasance or delinquency in office may be tried in the same manner as criminal offenses, and judgment may be given of dismissal from office, and such further punishment as may have been prescribed by law.

20. The city’s reason for and method of expelling Mayor Lambert constituted improper “impeachment” under Article VII, section 6, and failed to follow the requisite procedure “in the same manner as criminal offenses.” *Id.*

21. Section 21(g) is both facially void and void as applied under Article VII, section 6, of the Oregon Constitution, and Mayor Lambert is entitled to appropriate declaratory and injunctive relief preventing the city's use of section 21(g) in the future.

22. Upon prevailing, Mayor Lambert is entitled to an award of attorney fees under the public benefit doctrine.

**Third Claim for Relief**
**(First Amendment)**
**(ORS 28.010 *et seq* and 42 U.S.C. § 1983)**

23. Mayor Lambert re-alleges all prior paragraphs.

24. The city expelled Mayor Lambert from office because of the content of her protected speech. In other words, the expulsion was retaliatory.

25. In so doing, the city violated the First Amendment to the U.S. Constitution, which prohibits any law "abridging the freedom of speech" and governmental retaliation based on the content of protected speech.

26. Section 21(g) of the city charter is both facially void and void as applied under the First Amendment to the U.S. Constitution, as made applicable to the states under the Fourteenth Amendment. Either way, Mayor Lambert is entitled to appropriate declaratory and injunctive relief preventing the city's use of section 21(g) in the future.

27. Mayor Lambert is entitled to an award of monetary damages in an amount to be determined by a jury, or nominal damages, whichever is higher, under 42 U.S.C. § 1983.

28. Mayor Lambert is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §§ 1983 and 1988.

**Fourth Claim for Relief**
**(Due Process)**
**(ORS 28.010 *et seq* and 42 U.S.C. § 1983)**

29. Mayor Lambert re-alleges all prior paragraphs.

30. Mayor Lambert has a protected liberty interest in her elected position as Mayor of Waldport. The local process used to attempt to deprive her of that interest was *procedurally* insufficient under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

31. Expelling Mayor Lambert was *substantively* improper under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

32. Mayor Lambert is entitled to an award of monetary damages in an amount to be determined by a jury, or nominal damages, whichever is higher, under 42 U.S.C. § 1983.

33. Mayor Lambert is entitled to an award of reasonable attorney fees and costs under 42 U.S.C. §§ 1983 and 1988.

**PRAYER FOR RELIEF**

WHEREFORE, Mayor Lambert respectfully requests that this Court issue a judgment against the city as follows:

A. Declaring that Section 21(g) of the Waldport City Charter is invalid facially and as applied under Article I, section 8, and Article VII (Amended), section 6, of the Oregon Constitution, and the First Amendment;

B. Declaring that the city's expulsion proceeding against Mayor Lambert was unconstitutional under Article I, section 8, and Article VII (Amended), section 6, of the Oregon Constitution, the First Amendment, and the Due Process Clause;

C. Issuing permanent injunctive relief preventing the city from enforcing section 21(g) of the Waldport City Charter against Mayor Lambert or anyone else;

D. Awarding Mayor Lambert damages in an amount to be determined by a jury, or nominal damages of $1, whichever is greater;

E. Awarding Mayor Lambert her reasonable costs, litigation expenses, and attorney fees pursuant to Oregon's public benefit doctrine and 42 U.S.C. § 1988; and

F. Granting such further relief as this Court deems just and proper.

Dated this 14th day of October 2026.

*/s/ Jesse A. Buss*
Jesse A. Buss, OSB # 122919
WILLAMETTE LAW GROUP, PC
411 Fifth St.
Oregon City OR 97045
503-656-4884
jesse@WLGpnw.com

Thomas M. Christ, OSB No. 834064
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland OR 97205
503-227-1111
tchrist@sussmanshank.com

*Attorneys for Plaintiff Heide Lambert*